UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14683-GAO

LOUN CHUM and BRENDA CHUM,
Plaintiffs,

v.

U.S. BANK, N.A. as Trustee for CP-SRMOF II 2012-A TRUST,
Defendant.

ORDER
January 13, 2016

O'TOOLE, D.J.

The plaintiffs, Loun Chum and Brenda Chum, acting pro se, initially brought this action in the Massachusetts Superior Court, challenging the validity of the foreclosure sale of their home. The plaintiffs assert that the defendant, U.S. Bank as Trustee for CP-SRMOF II 2012-A Trust ("U.S. Bank"), failed to send them the proper notice of their right to cure the default on their mortgage loan. See M.G.L. ch. 244, § 35A. On December 19, 2014, prior to formal service of process, U.S. Bank removed the case to this Court on the basis of diversity jurisdiction. U.S. Bank has still not been served.

U.S. Bank now moves to dismiss this case on the grounds that the complaint fails to state a claim upon which relief can be granted and that the plaintiffs failed to timely serve process. See Fed. R. Civ. Pro. 4(m), 12(b)(6). Its motion is unopposed.

In their Complaint, the plaintiffs allege that U.S. Bank sold their home in a foreclosure sale on October 28, 2014. They state that U.S. Bank did not send them the statutorily mandated right to cure notice pursuant to Massachusetts General Laws Chapter 244, Section 35A. However, the plaintiffs do not contend that had they received this notice, they would have been able to cure their

default or prevent the foreclosure. On the fact alone that U.S. Bank failed to send the Section 35A notice, they request that the foreclosure sale be declared void.

The Massachusetts Supreme Judicial Court discussed in detail Section 35A's place among the constellation of foreclosure laws in U.S. Bank National Ass'n v. Schumacher, 5 N.E.3d 882 (Mass. 2014). There, the court held that Section 35A was not part of the statutory power of sale and therefore, failure to comply strictly with Section 35A's provisions does not automatically render a foreclosure sale void. See id. 888–90. In a concurring opinion, Justice Gants explained that a homeowner may overturn a foreclosure sale for violating Section 35A only if the violation "rendered the foreclosure so fundamentally unfair that [the homeowner] is entitled to affirmative equitable relief." Id. at 891 (Gants, J., concurring). In a footnote, the full court endorsed Justice Gants' concurrence. See id. at 889 n. 12. I have previously applied this standard to post-foreclosure challenges based on Section 35A. See Coelho v. Asset Acquisition & Resolution Entity, LLC, Civil Action No. 13-10166-GAO, 2014 WL 1281513, at *2 (D. Mass. Mar. 31, 2014); see also Bank of N.Y. Mellon Corp. v. Wain, 11 N.E.3d 633, 637 (Mass. App. Ct. 2014) (applying the "so fundamentally unfair" standard).

Here, the plaintiffs have asserted no prejudice from their lack of notice. They have not alleged in any way how the course of the foreclosure would have been different had they received the Section 35A notice. Without that showing, their claim fails as a matter of law.

While pro se filings are read liberally, this Court is not required read into the complaint facts which do not appear. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 79–80 (1st Cir. 2014); see also Gaskins v. Dickhaut, 962 F. Supp. 2d 336, 339 (D. Mass. 2013). Nor is this Court required sua sponte to invite the plaintiffs to replead their case. See United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241–42 (1st Cir. 2004), abrogated on other grounds

by <u>United States ex rel. Gagne v. City of Worcester</u>, 565 F.3d 40 (1st Cir. 2009). The plaintiffs failed both to properly serve the defendant and to respond to the defendant's motion to dismiss. Their Complaint fails to assert sufficient grounds to support their claim, and they have not attempted to show otherwise.

    U.S. Bank's Motion to Dismiss (dkt. no. 7) is GRANTED. This case is dismissed with prejudice as to all claims.

    It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge